IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 OCT -8  PM 4: 17

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ *Kiec*
DEPUTY

ORAN McMICHAELS,

**Plaintiff,**

-vs-                                                                     Case No.  A-13-CA-102-SS

AMERICAN   FEDERATION   OF   STATE,
COUNTY, AND MUNICIPAL EMPLOYEES,
**Defendant.**

_____

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant American Federation of State, County and Municipal Employees (AFSCME)'s Motion for Summary Judgment [#25], Plaintiff Oran McMichaels' Response [#27], and AFSCME's Reply [#35].   Having reviewed the documents, the file as a whole, and the governing law, the Court now enters the following opinion and order GRANTING the motion.

### Background

This is an age discrimination suit brought by Plaintiff Oran McMichaels under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq*.   Defendant AFSCME employed McMichaels for twenty-three years before terminating his employment in July 2011. McMichaels claims AFSCME terminated him because of his age in violation of the ADEA.

AFSCME is a labor union headquartered in Washington, D.C. which organizes and represents public-service employees across the nation.   At all times relevant to this litigation, AFSCME divided its nationwide operations into three Regions, Western, Central, and Eastern, themselves headquartered in three Regional Offices located in Las Vegas, Nevada, Indianapolis, Indiana, and Pittsburgh, Pennsylvania, respectively.   Smaller area offices are scattered throughout

each Region.

AFSCME's core work—organizing new members and representing existing members—is performed by its Organizing and Field Services (OFS) department. OFS is led by the OFS Director, who has ultimate authority over AFSCME's nationwide OFS operations, including hiring and firing decisions. Three Regional Directors, one from each Region, report to the OFS Director; each Regional Director supervises multiple Assistant Regional Directors (ARDs) and Area Field Service Directors (AFSDs) in his or her region. Prior to his termination, McMichaels worked as an AFSD in the Western Region.

McMichaels was laid off in July 2011 during a nationwide reorganization of the OFS department initiated by OFS Director Steve Fantauzzo. According to AFSCME, the reorganization included "efforts to consolidate and centralize OFS's management positions and clerical positions from offices spread throughout each region into [the] three Regional Offices[.]" Fantauzzo Aff. [#25-1], Tab A, at ¶ 13. To that end, a number of changes took place in the Western Region. First, ARDs stationed outside the Las Vegas Regional Office were required to relocate to Las Vegas; two who did not wish to relocate, Connie Derr and Tam Tocher, were demoted to AFSD positions so they could remain in their home states. Second, a clerical worker in the Oakland, California office was laid off. Third, and most importantly for present purposes, the Austin, Texas office, where McMichaels, then 60 years old, was stationed, was closed.

AFSCME explains it decided to close the Austin office after a major piece of collective bargaining legislation failed in Congress, believing the bill's failure "substantially limited [AFSCME's] anticipated organizing opportunities in Texas." Id. at ¶ 14. Both employees working

in the Austin office—McMichaels and Maggie Giffen, a clerical worker[1]—were laid off. An internal memo discussing the reorganization states McMichaels had a history of "performance issues" and would not be "move[d] into another AFSD position," Confidential Memo [#30] (sealed); AFSCME maintains, however, that at that time, there were no vacant AFSD positions to which McMichaels could have been moved.

McMichaels claims AFSCME's age-based animus against him was first manifest in August 2007, when 68-year-old Flora Walker, Regional Director in the Western Region and McMichaels' supervisor, suggested McMichaels, then 57 years old, consider retirement.   According to McMichaels, Walker asked him "whether [he had] ever thought about retirement," referred to herself and McMichaels as "dinosaurs," and stated "[y]ou see what they're hiring; they're not looking for folks like you and I."  Compl. [#1] at ¶ 13; Appx. Pl.'s Resp. [#27] at 5.  During a follow-up conversation that allegedly occurred a few weeks later, Walker asked McMichaels whether he had decided to retire, and told him she was speaking to him about retirement because Jim Schmitz, who was then the OFS Director, had directed her to do so.  Walker acknowledges she once asked McMichaels whether he had ever thought about retirement, but disputes the remainder of McMichaels' account.   Appx. Pl.'s Resp. [#27] at 5–6.

After the alleged follow-up conversation, McMichaels sent the following memo to both Walker and Schmitz:

> In accordance with your directive that I consider the possibility of retiring at this time I have contacted . . . [HR] and requested a reading of my status and eligibility. . . .

---

[1] McMichaels claims Maggie Giffen was not laid off, but "retained and worked an additional three to four years prior to her retirement." Pl.'s Resp. Def.'s Mot. Summ. J. [#27] at 8.  This claim appears to be based upon a misunderstanding of the facts, as AFSCME's Human Resources documentation shows Giffen was laid off on August 15, 2011. Def.'s Reply [#35-1], Tab C, Ex. 1, at C-1 (letter to Giffen from HR stating Giffen's layoff would be effective August 15, 2011 and Personnel Action Notice documenting Giffen's termination).

> I have to assume that the directive to consider retirement is based on my age and not performance as the discussion [with Walker] focused more on who is currently being promoted and hired i.e. younger employees. . . . I decline to consider [retiring] at this time.

*Id.*, Attach. 9. Walker responded:

> Oran, you[] . . . claim[] that you assume that my directive to consider retirement is based on age and not performance. Your actions (performance) was [sic] the reason for our meeting that had nothing to do with your age. I requested a meeting with you to discuss why you made certain financial inquiries . . . the harassing calls I have received regarding you and . . . your overall assignment and housing location. . . .

*Id.*, Attach. 10.

McMichaels claims after he declined to consider retirement, AFSCME began to treat him differently. Specifically, he alleges from 2007 through his layoff in 2011, he was given assignments typically given to lower-level employees, forced to relocate approximately ten times, and passed over for a promotion to ARD.

## Analysis

### I.    Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court

"may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Age Discrimination in Employment Act

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Under the ADEA, the plaintiff has the burden of persuasion to show "'that age was the 'but-for' cause of his employer's adverse action.'" *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

In establishing but-for causation, an employment discrimination plaintiff may rely on direct evidence, circumstantial evidence, or both. *Id.* Direct evidence of discrimination is evidence which, if believed, would prove the existence of unlawful discrimination without requiring any inferences or presumptions. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). Circumstantial evidence of discrimination is analyzed under the *McDonnell Douglas* burden-shifting framework:[2] first, the plaintiff must first establish a *prima facie* case of age discrimination; if the plaintiff does so, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the challenged employment action; and if defendant meets its burden of production, the plaintiff must then show the defendant's proffered reason is a pretext for age discrimination. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007); *Jackson*, 602 F.3d at 378.

To establish a *prima facie* case of age discrimination, an ADEA plaintiff must show: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class,

---

[2] The Supreme Court has not definitively resolved whether the *McDonnell Douglas* framework is applicable to ADEA claims. Courts in the Fifth Circuit, however, are bound by Circuit precedent applying *McDonnell Douglas* in age discrimination cases. *E.g., Jackson*, 602 F.3d at 378 & n.15.

ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 575 (5th Cir. 2003).

## III.   Application

It is not clear whether McMichaels contends his evidence of discrimination is direct or circumstantial.  To the extent McMichaels claims he has presented direct evidence, the Court disagrees.  In the undersigned's opinion, Walker's 2007 comments are the only evidence before the Court which is even arguably direct, and as set forth below, the comments were too remote from McMichaels' termination to constitute direct evidence of age discrimination.

Proceeding under a circumstantial evidence theory, McMichaels fares no better, as he fails to establish a *prima facie* case of discrimination.  It is undisputed McMichaels (1) was discharged, (2) was qualified for the AFSD position, and (3) was, at 60 years old, within the protected class at the time of his discharge; the heart of the dispute, therefore, is whether McMichaels has presented sufficient evidence "he was . . . otherwise discharged because of his age."[3] *Palasota*, 342 F.3d at 575.  In McMichaels' view, Walker's 2007 comments and alleged directive he consider retirement, AFSCME's failure to move him to a different AFSD position when the Austin office was closed, and the suggestion he had "performance issues" although there were no negative annual evaluations in his employee file permit an inference AFSCME discriminated against him on the basis of age. AFSCME responds that Walker's 2007 comments are merely stray remarks, not evidence of discrimination, and claims McMichaels has either mischaracterized the remaining facts or failed to provide evidence substantiating his allegations.  The undersigned agrees with AFSCME.

---

[3] McMichaels has not argued he was replaced by someone outside the protected class or by someone younger.  In fact, the Court notes when AFSCME made the decision to reopen the Austin office in January 2014, it hired an 61-year-old AFSD to fill the position.  The new Austin AFSD is thus one year *older* than McMichaels was at the time he was laid off.  Def.'s Mot. Summ. J. [#25] at 9.

A.     **Walker's 2007 Comments**

First, the Court finds Walker's 2007 comments are neither direct nor circumstantial evidence of age discrimination. In determining whether an employer's comments are competent evidence of discrimination, the Fifth Circuit distinguishes between comments alleged to be direct evidence and comments alleged to be circumstantial evidence. Comments offered as direct evidence of age discrimination are sufficient to overcome summary judgment only when they satisfy a four-part test: the comments must be "'(1) age-related; (2) proximate in time to the termination[]; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue.'" *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012) (quoting *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996)). When offering comments as circumstantial evidence of discrimination alongside other allegedly discriminatory conduct, in contrast, "a plaintiff need only show (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decision maker." *Id.* (citing *Laxton v. Gap*, 333 F.3d 572, 583 (5th Cir. 2003)).

Here, Walker's 2007 comments fail the direct evidence test, even assuming they otherwise satisfy its elements, because they were not "proximate in time to the termination": they were made four years prior to McMichaels' 2011 layoff. *See, e.g.*, *Jackson*, 602 F.3d at 380 (comment made "almost a year" before termination too remote to constitute evidence of discrimination); *CSC Logic*, 82 F.3d at 656 (comments made sixteen months before termination too remote to constitute evidence of discrimination).

Walker's 2007 comments also fail the circumstantial evidence test, as Walker was neither primarily responsible for McMichaels' layoff nor a person with influence or leverage over the

-8-

relevant decision maker. *See Reed*, 701 F.3d at 442 (finding remarks insufficient to create a fact issue where made by people with "no responsibility for, or influence over, [the plaintiff's] termination"). Crediting McMichaels' unsubstantiated allegation that then-OFS Director Schmitz instructed Walker to talk to McMichaels about retirement does not change the analysis: it is clear Schmitz had nothing to do with the decision to lay off McMichaels, as Schmitz no longer worked for AFSCME when McMichaels' layoff occurred. Fantauzzo was OFS Director in July 2011, and Fantauzzo made the decision to close the Austin office and lay off McMichaels without input from Walker or Schmitz. McMichaels does not challenge that fact, as he does not argue Walker (or Schmitz) nevertheless played a meaningful role in the decision to terminate him.[4]

**B.     Other Purported Circumstantial Evidence**

McMichaels' remaining evidence is similarly insufficient to satisfy his burden. Specifically, McMichaels claims (1) after his 2007 refusal to retire until his layoff in 2011, he was transferred ten times and given assignments appropriate for low-level employees rather than managers; (2) after refusing to retire, he was denied a promotion to Western Region ARD; (3) when the reorganization occurred, he was not moved to another AFSD position; and (4) AFSCME stated he was laid off due to "performance issues" despite a lack of negative performance evaluations in his employment file. None of these allegations, standing alone or taken together, are sufficient to create a genuine issue of fact that McMichaels was terminated because of his age.

First, McMichaels points to no evidence in the record in support of his claims he was transferred ten times and given assignments suited for lower-level employees, save for attorney argument and citations to his own deposition, which he failed to provide to the Court.

---

[4] AFSCME has also tendered sworn affidavits disclaiming their involvement. *See* Fantauzzo Aff. [#25-1], Tab A, at ¶ 16; Walker Aff. [#25-1], Tab B, at ¶ 31.

Unsubstantiated assertions are not competent summary judgment evidence. *Turner*, 476 F.3d at 343. In any event, evidence provided by AFSCME shows McMichaels was transferred only three times from 2007 to 2011: once in January 2008, when he was moved permanently from Reno, Nevada to Austin, Texas; once in September 2010, when he was placed on temporary assignment in Houston, Texas; and once in November 2010, when he was placed on temporary assignment in Baton Rouge, Louisiana. *See* Harrison Aff. [#25-1], Tab C, at ¶ 8 (chart of McMichaels' transfers); *id.* at Ex. 1, D0084–D0091 (Personnel Action Notices reflecting the transfers). Further, the record shows AFSCME's management-level employees are regularly called upon to perform lower-level duties and that AFSDs in particular are expected to travel frequently and function as "jacks of all trades." *See* Tocher Dep. [#35-1], Tab D, Ex. 3, at 22:11–16 ("The [job] title remains the same. The work duties can vary, depending on what's needed in the field."); AFSCME Class Specifications [#25-1], Tab A, Ex. 1 at D0003–D0004, D0006 (outlining job duties and travel requirements for AFSDs); Walker Aff. [#25-1], Tab B, at ¶¶ 9–13 (describing the AFSD position and stating AFSDs were "often" required to perform lower-level duties).

Second, McMichaels' claims that AFSCME demonstrated age-based animus by denying him a promotion to ARD and failing to move him to a different AFSD position when the Austin office closed are unsupported by the evidence before the Court. Concerning the promotion he did not receive, McMichaels has provided no information regarding his relevant qualifications, other applicants or their relevant qualifications, or AFSCME's selection process, instead hanging his hat entirely upon his own bare allegations in his pleadings.[5] *See* Compl. [#1] at ¶ 19, Appx. Pl.'s Resp. [#27] at ¶ 26. Similarly, McMichaels presents no evidence suggesting AFSCME's failure to move

---

[5] AFSCME notes Connie Derr was selected for the position, as unlike McMichaels, Derr had years of experience in management roles senior to AFSDs. Harrison Aff. [#25], Tab C, at ¶ 10.

him into a different AFSD position when it closed the Austin office was motivated by age discrimination. McMichaels points to Derr and Tocher's demotions from ARDs to AFSDs as evidence that vacant AFSD positions existed elsewhere. As previously noted, however, Derr and Tocher were reclassified so they could remain in their home states rather than relocate to the Las Vegas Regional Office, *see* Walker Dep. [#35-1], Tab D, Ex. 6 at 28:18–25, and even if McMichaels could successfully show a vacant AFSD position existed, he offers no further evidence his failure to be selected for it was grounded in age discrimination. McMichaels's "subjective belief that he was not selected for the position based upon . . . age is insufficient to create an inference of . . . discriminatory intent." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004) (internal quotations omitted).

Finally, the statement in the memo that McMichaels had "performance issues" despite the absence of poor annual performance evaluations in McMichaels's employee file is not probative of discriminatory intent, as the undisputed evidence shows AFSCME does not conduct annual performance evaluations of its employees. Fantauzzo Dep. [#35-1], Tab D, Ex. 2, at 32:20–33:07. Moreover, there is some evidence in the record, including statements made by McMichaels in his own deposition, that McMichaels indeed had performance issues or at least personality conflicts with other AFSCME employees. *See* McMichaels Dep. [#25-1], Tab D, Ex. 3, at 167:1–169:14 (describing incidents where he "cussed out" former OFS Director Schmitz's assistant and "embarrassed [Schmitz's] girlfriend tremendously" while she was leading an AFSCME march); Appx. Pl.'s Resp. [#27], Attach. 9 (indicating Walker discussed retirement with McMichaels because of certain performance issues). The Court concludes McMichaels' circumstantial evidence consists chiefly of self-serving allegations not borne out by the factual record.

**Conclusion**

In sum, McMichaels has failed to present evidence from which a reasonable factfinder could conclude age discrimination was the but-for cause of AFSCME's decision to terminate his employment.  AFSCME is therefore entitled to summary judgment.

Accordingly,

IT IS ORDERED that Defendant AFSCME's Motion for Summary Judgment [#25] is GRANTED.

SIGNED this the ___8th___ day of October 2014.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE